IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THEODORE L. WHIDDEN,

    Plaintiff,

v.                                                 Case No. 5:18-cv-16-RH-GRJ

STACEY GOODSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* non-prisoner litigant, initiated this case by filing civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff was granted leave to proceed as pauper. (ECF No. 4.) The Court thereafter screened Plaintiff's complaint, identified a number of deficiencies, and directed Plaintiff to file an amended complaint by February 9, 2018. (*Id.*)

On February 6, 2018, however, Plaintiff filed a motion "requesting stay of execution/withdrawing complaint," in which he requested a "stay of execution of the filings" so that he could seek guidance of counsel. (ECF No. 5.) Plaintiff also said he "must step away from this [case] for a period to recover" from a multitude of alleged violations, complaints, and injustices. (*Id.*)

The Court denied Plaintiff's motion to the extent he sought to stay

this case for an unspecified period of time. (ECF No. 6.) In light of Plaintiff's *pro se* status, however, the Court construed the filing as a motion for extension of time and granted Plaintiff an extension of time until February 21, 2018, to file an amended complaint. (*Id.*) Alternatively, to the extent Plaintiff wished to dismiss his case without prejudice, the Court instructed Plaintiff to file a notice of voluntary dismissal by February 21, 2018. (*Id.*) The Court advised Plaintiff that "[f]ailure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that this case be dismissed without further notice for failure to prosecute and for failure to comply with a Court order." (*Id.* at 2.) As of the date of this report and recommendation Plaintiff has not filed an amended complaint or a notice of voluntary dismissal.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."

*Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to either file an amended complaint, and despite a clear warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed without further notice, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 26th day of February 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**